IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ULTIMATE INNOVATIONS, LLC | § | |
| | § | |
| v. | § | NO. 4:24-CV-00557-SDJ-BD |
| | § | |
| MANUFACTURERS | § | |
| TRANSPORTATION, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Manufacturers Transportation, Inc. moved for leave to file amended counterclaims, Dkt. 21, and plaintiff Ultimate Innovations, LLC moved to extend the deadline to file its response to Manufacturers Transportation's summary-judgment motion, Dkt. 23. Both motions will be granted.

## BACKGROUND

Manufacturers Transportation moved for leave to file amended counterclaims ten days after the deadline set by the court's scheduling order. Dkt. 21; *see* Dkt. 11 (scheduling order). Ultimate Innovations initially opposed the motion, Dkt. 21 at 7, but then withdrew its opposition to the late-filed motion, stating that it "may need the same courtesy in return," Dkt. 24 at 1.

That same day, Ultimate Innovations asked for that courtesy by moving to extend the deadline to respond to Manufacturers Transportation's motion for partial summary judgment. Dkt. 23. It sought the extension because of a calendaring oversight. *Id.* Manufacturers Transportation opposed the motion, arguing that Ultimate Innovations has needlessly delayed discovery by missing several other deadlines and that it failed to show excusable neglect. Dkt. 26. Ultimate Innovations replied, further explaining its position. Dkt. 30.

## DISCUSSION

**I. Manufacturers Transportation's Motion for Leave to Amend Counterclaims**

Federal Rule of Civil Procedure 16 requires the court to set a scheduling order that limits the time to amend the pleadings. *Id.* R. 16(b)(3). After a scheduling order has been issued, it may be

"modified only for good cause and with the judge's consent." *Id.* R. 16(b)(4). To establish good cause, the movant must show that it could not reasonably have met the deadline despite its diligence. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Once "a party shows good cause . . . , then the more liberal standard of Rule 15(a)" applies to the request for leave to amend. *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quotation marks omitted).

Rule 15 requires the court to "freely give leave" to amend pleadings "when justice so requires." The court may deny leave to amend when any of five factors is present: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment. *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023).

Manufacturers Transportation argues that new information came to light during discovery that clarified its position on some of its counterclaims. Dkt. 21. It further argues that there will be no delay to the proceedings or prejudice to Ultimate Innovations by the amendment because no other deadlines need to be altered. *Id.* Ultimate Innovations responded to the motion but did not oppose granting it. Dkt. 24. Good cause exists to amend the scheduling order, and justice requires leave to amend.

## II. Ultimate Innovations' Motion to Extend Time to Respond to the Summary-Judgment Motion

When a party asks to extend a deadline before it has passed, the court may do so for "good cause." Fed. R. Civ. P. 6(b)(1). But when a party asks to extend a deadline after it has expired, the party must show not only good cause, but also that it "failed to act because of excusable neglect." *Id.* R. 6(b)(1)(B); *see Graham v. HRchitect, Inc.*, No. 4:16-CV-743, 2017 WL 3216609, at *1 (E.D. Tex. July 28, 2017). To determine whether an extension is justified by excusable neglect, the court considers four factors: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it

was within the movant's reasonable control; and (4) whether the movant acted in good faith." *Graham*, 2017 WL 3216609, at *1.

Ultimate Innovations' motion to extend time to respond to the summary-judgment motion argues that the extension is warranted based on counsel's failure to properly calendar the deadline. Although Manufacturers Transportation opposes the extension, the court finds that, in this instance, the factors weigh in favor of granting the extension. Manufacturers Transportation will not be prejudiced by the extension, the delay to proceedings is minimal, and Ultimate's good-faith mistake will be excused. The court trusts that Manufacturers Transportation and its counsel will be mindful, going forward in this litigation, of the requirements of the applicable rules and court orders.

\* \* \*

Counsel for both parties are reminded of the court's local rules governing attorney conduct. In particular, "[a] lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves." Loc. R. AT-3(c).

It is **ORDERED** that:

1) the motion for leave to file an amended counterclaim, Dkt. 21, is **GRANTED**, and the amended counterclaim, Dkt. 22, is timely filed; and

2) the motion for extension of time, Dkt. 23, is **GRANTED**, and Ultimate Innovations' response in opposition, Dkt. 27, is timely filed.

So **ORDERED** and **SIGNED** this 17th day of March, 2025.



_____
Bill Davis
United States Magistrate Judge